CLD-016                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3655
_____

IN RE: KEVIN PATRICK FLOOD,
Petitioner
_____

Petition for Writ of Mandamus from
the United States District Court
for the Western District of Pennsylvania
(Related to D.C. Civil No. 11-cv-00050)
_____

Submitted Pursuant to Fed. R. App. Pro. 21
October 18, 2012

Before:  RENDELL, JORDAN and GARTH,  Circuit Judges

(Opinion filed: November 6, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

Kevin Patrick Flood, a federal prisoner,  has filed a petition for writ of mandamus,

asking that his section 2255 proceedings, 28 U.S.C. § 2255, be reassigned to a different

District Judge and referred to a different Magistrate Judge.  For the reasons that follow,

we will deny the petition.

Following the denial of pretrial motions to suppress and for testing of audiotapes

and other evidence, Flood was convicted of conspiracy to possess and distribute

marijuana, possession with intent to distribute marijuana, and possession of a firearm by a convicted felon. On November 20, 2007, he was sentenced by United States District Judge Kim R. Gibson to a term of imprisonment of 180 months and 8 years of supervised release. We affirmed the conviction and sentence on appeal, see United States v. Flood, 339 Fed. Appx. 210 (3d Cir. 2009), holding, in pertinent part, that probable cause supported the issuance of an anticipatory search warrant and that the District Court's denial of Flood's motion for the testing of audio recordings made by the confidential informant was not an abuse of discretion. With regard to the request to test the audiotapes, we agreed with the District Court that Flood had waived his right to request testing, see id. at 214, and we noted that, in any event, "the authenticity and accuracy of the evidence precluded the need to authorize funding for expert testing." Id.

On February 24, 2011, Flood filed a section 2255 motion to vacate sentence, in which he contended that trial counsel rendered constitutionally ineffective assistance in failing to move to suppress the audiotapes based on a violation of the sealing requirements of 18 U.S.C. § 2518 and failing to timely request testing of the audiotapes; refusing to challenge "audio tape tampering" and violations of the sealing requirements; failing to quash the indictment; and refusing to call a witness to rebut the police version of his interrogation. United States Magistrate Judge Keith Pesto issued a Miller notice, see United States v. Miller, 197 F.3d 644 (3d Cir. 1999), and thereafter Flood elected to proceed on the merits of his section 2255 motion.

Missing a deadline previously established for its response, on July 25, 2011, the Government filed a motion for an extension of time in which to respond to Flood's

2

section 2255 motion. On August 8, 2011, Flood filed a motion for a default judgment, and, on September 6, 2011, Flood filed opposition to an extension. He also filed five letters, a sealed document, a motion to clarify, a motion to bring the court up to date, and an item titled "Judicial Notice." This last item was filed on June 1, 2012.

On June 6, 2012, Magistrate Judge Pesto ruled on Flood's motions, essentially denying them. On June 21, 2012, Flood filed an item titled "Objections to magistrate Judge Pesto's orders; and Petitioner's demand for the Production of the Original Audio Tapes and Ruling on Recusal Issues." See Docket Entry No. 18. On July 6, 2012, Flood filed an item titled "Motion for forensic test Original Tapes and Evidentiary Hearing," and, on July 11, 2012, he filed an item titled "Ex Parte to Judge Gibson … requesting a ruling on Doc. No. 18, objections to MJ-Pesto's order, etc., to be expedited for good cause." See Docket Entry No. 20.

On July 31, 2012, the Government moved again for an extension of time in which to respond to Flood's section 2255 motion; the request was based on the Government's need to comb through Flood's numerous additional submissions. Flood again opposed the extension, but, on September 6, 2012, Magistrate Judge Pesto granted the Government's request and ordered that its response be filed on or before October 1, 2012. On September 17, 2012, Flood filed objections to the Magistrate Judge's order granting the Government an extension of time to respond.

On September 25, 2012, Flood filed a petition for writ of mandamus in this Court, asking us to reassign his section 2255 case to different District and Magistrate Judges. Flood asserted that District Judge Gibson and Magistrate Judge Pesto "have been using

3

their position (criminal in nature) to cover up and conceal crimes involving government officers." Petition, at 1. Both judges are biased and prejudiced against him, Flood argues, because they have refused to enforce the Federal Rules of Civil Procedure. Judge Gibson, for example, "is still refusing to obey rule 72(a) and Flood has never given his written permission that magistrate Judge Pesto make any final orders and rulings." Id. at 2. In addition to disqualifying Judges Gibson and Pesto, Flood asks us to strike any response filed by the Government to his section 2255 motion until this mandamus request is resolved, and that we appoint a master under Fed. R. Civ. Pro. 53 to address his spoliation argument. Flood has filed separate motions in this Court to stay the proceedings in the District Court until we resolve his mandamus petition, and for appointment of a master.

Meanwhile, the Government asked for an additional extension of time in which to file its section 2255 response, and Magistrate Judge Pesto granted that request on October 3, 2012. The Government now has until October 31, 2012, or twenty (20) days after we rule on Flood's mandamus petition, whichever is later, in which to file its section 2255 response.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus will only issue under extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other

4

adequate means to obtain the relief desired.  See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).

Flood does not meet the stringent requirements for mandamus relief in that he has an alternative remedy and other adequate means to obtain the relief he desires.  Flood may seek recusal by filing a motion for recusal in the district court under the standards set forth in 28 U .S.C. § 144 and/or 28 U.S.C. § 455.  See In re: Flood, 2012 WL 4513237 (3d Cir. 2012).  Any such request for recusal should be filed *in a separate motion* and should bear the title "*motion for recusal or disqualification*."  The item Flood filed on June 21, 2012, see Docket Entry No. 18, contains three unrelated requests and thus does not "state with particularity the grounds for seeking" recusal or disqualification, or "state the relief sought," as required by Fed. R. Civ. Pro. 7(b)(1)(B)-(C).  Mandamus also is not proper here because Flood has not shown a clear and indisputable right to recusal of either the District Judge or the Magistrate Judge on the basis of personal bias.

As Flood has correctly noted, however, he filed objections to Magistrate Judge Pesto's June 6, 2012 and September 6, 2012 orders, and, as yet, District Judge Gibson has not considered them.  Federal Rule of Civil Procedure 72(a) provides that "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy…. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ.

5

Pro. 72(a).  See also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [designated to a magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Local Rule 72(C)(1)-(2) (same).  Accordingly, Flood is entitled to appeal the Magistrate Judge's orders to the District Judge. Although District Judge Gibson has not yet ruled, we are that confident that the objections filed by Flood on June 21, 2012 and September 17, 2012, Docket Entry Nos. 18 and 25, in which he seeks review of Magistrate Judge Pesto's orders of June 6, 2012 and September 6, 2012, will be considered in a timely manner.

For the foregoing reasons, we will deny the petition for writ of mandamus. Flood's motion to stay to stay the district court proceedings and to strike any answer filed by the Government during the pendency of this mandamus petition is denied.  Flood's motion for appointment of a special master is denied.