**CLD-412** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-3521

_____

IN RE: KEVIN PATRICK FLOOD,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from
the United States District Court
for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 04-cr-00036)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 29, 2013
Before:  RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 17, 2013)

_____

OPINION

_____

PER CURIAM

        Kevin Patrick Flood, a federal prisoner,  petitions for a writ of mandamus

compelling the District Court to act on his pending motion pursuant to 28 U.S.C. § 2255.

        Following the denial of pretrial motions to suppress and for testing of audiotapes

and other evidence, Flood was convicted of conspiracy to possess and distribute

marijuana, possession with intent to distribute marijuana, and possession of a firearm by

a convicted felon.  On November 20, 2007, he was sentenced by United States District

Judge Kim R. Gibson to a term of imprisonment of 180 months and 8 years of supervised release. We affirmed the conviction and sentence on appeal, see United States v. Flood, 339 F. App'x 210 (3d Cir. 2009), holding, in pertinent part, that probable cause supported the issuance of an anticipatory search warrant and that the District Court's denial of Flood's motion for the testing of audio recordings made by the confidential informant was not an abuse of discretion. With regard to the request to test the audiotapes, we agreed with the District Court that Flood had waived his right to request testing, see id. at 214, and we noted that, in any event, "the authenticity and accuracy of the evidence precluded the need to authorize funding for expert testing." Id.

On February 24, 2011, Flood filed a section 2255 motion to vacate sentence, in which he contended that trial counsel rendered constitutionally ineffective assistance by failing to move to suppress the audiotapes based on a violation of the sealing requirements of 18 U.S.C. § 2518 and failing to timely request testing of the audiotapes; refusing to challenge "audio tape tampering" and violations of the sealing requirements; failing to quash the indictment; and refusing to call a witness to rebut the police version of his interrogation. On January 13, 2013, after having been granted several extensions to do so, the Government filed its response to Flood's section 2255 motion.[1] Shortly thereafter, Flood filed a motion for extension of time to file a reply to the government's response. Flood filed his reply on March 25, 2013.

---

[1] The Government's delay in filing a response was due, in part, to Flood's filing several documents which appeared to supplement his original section 2255 motion, as well as his request to stay the proceedings pending disposition of a mandamus petition that he filed in this Court in September 2012.

In addition, prior to the Government's filing its response, Flood filed in the District Court a motion for recusal, arguing that District Judge Gibson and Magistrate Judge Pesto showed favoritism to the Government throughout the proceedings.[2] Magistrate Judge Pesto denied the motion in a December 14, 2012 order. Although Flood appealed that order, District Judge Gibson had not ruled on the appeal at the time Flood filed this mandamus petition.

On August 20, 2013, Flood filed a mandamus petition in this Court, asking us to either order District Judge Gibson and Magistrate Judge Pesto to rule on his outstanding motions, or reassign the section 2255 proceeding to a different District Court Judge. In addition, Flood asks us to vacate prior orders of the District Court denying his requests for appointment of a forensic expert to review certain "microcassettes." He also asks us to appoint a special master to test the audio recordings that were played at his trial for their authenticity.

Mandamus relief is available in extraordinary circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation omitted). A writ of mandamus may be appropriate when a district court's

_____

[2] Flood first asked this Court to reassign his section 2255 proceedings. We denied the request, informing Flood that he could file a motion for recusal in the District Court under the standards set forth in § 28 U.S.C. § 144 and/or 28 U.S.C. § 455. See In re Flood, 503 F. App'x 122, 124 (3d Cir. 2012). Flood filed his recusal motion shortly thereafter.

3

"undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). We will deny the petition for writ of mandamus.

Flood's section 2255 motion has been ripe for adjudication since March 25, 2013. Although the delay in this case is not insignificant we do not believe that it warrants our intervention at this time. We are confident that the District Court will rule on Flood's § 2255 motion in due course. In addition, while we note that District Judge Gibson has not yet ruled on Flood's timely appeal from Magistrate Judge Pesto's December 14, 2012 order denying his motion for recusal, we are confident that the appeal will be considered without undue delay.[3]

Flood's request that we vacate the District Court's prior orders denying his requests for appointment of a forensic expert is denied. Such relief is more properly sought on appeal after entry of a final judgment. Indeed, a writ of mandamus is not a substitute for an appeal. See Cheney v. U.S. Dist. Court, 542 U.S. 367, 380-81 (2004); Madden, 102 F.3d at 77. Flood's motions for appointment of a special master are also denied.

For these reasons, we will deny the petition for a writ of mandamus. Flood's motion seeking leave to rely on documents filed in other cases is denied as unnecessary.

---

[3] To the extent that Flood asks us to reassign his case to a different District Court Judge and refer it to a different Magistrate Judge, the request is denied. We have recognized that it is not appropriate to issue a writ of mandamus compelling the disqualification of a judge if a motion for recusal is pending in the district court. See In re Kensington Int'l Ltd., 353 F.3d 211, 224 (3d Cir. 2003). Moreover, as we informed Flood previously when he asserted these claims of favoritism and bias, he has not shown a clear and indisputable right to recusal of either District Judge Gibson or Magistrate Judge Pesto on the basis of personal bias. In re Flood, 503 F. App'x at 124.

4