BLD-043                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4245
_____

IN RE: KEVIN PATRICK FLOOD,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from
the United States District Court
for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 3-04-cr-00036-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 15, 2013
Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: November 26, 2013 )
_____

OPINION
_____

PER CURIAM

        Kevin Patrick Flood filed this pro se mandamus petition pursuant to 28 U.S.C.

§ 1651, seeking an order compelling the United States District Court for the Western

District of Pennsylvania to rule on his pending motion pursuant to 28 U.S.C. § 2255.  For

the reasons that follow, we will deny the mandamus petition without prejudice.

        Mandamus is a drastic remedy available only in the most extraordinary of

circumstances.  In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  A

mandamus petitioner must establish that he has "no other adequate means" to obtain the requested relief, and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Indeed, given the discretionary nature of docket management, there can be no "clear and indisputable" right to have the district court handle a case on its docket in a certain manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). Nonetheless, mandamus may be warranted where a district court's delay "is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

Flood filed his § 2255 motion on February 24, 2011. On January 13, 2013, after having been granted several extensions to do so, the Government filed its response to Flood's section 2255 motion.[1] Shortly thereafter, Flood filed a motion for extension of time to file a reply to the government's response. Flood filed his reply on March 25, 2013.

On August 20, 2013, Flood filed a mandamus petition in this Court seeking an order compelling the District Court to rule on his § 2255 motion. On September 17, 2013, we issued a decision denying the petition without prejudice to Flood's filing a

---

[1] Although Flood argues otherwise, the District Court docket shows that the Government's delay in filing a response was due, in part, to Flood's filing several documents which appeared to supplement his original section 2255 motion, as well as his request to stay the proceedings pending disposition of a mandamus petition that he filed

2

second such petition in the event that the District Court did not rule on his motion within a reasonable time from the date of judgment. See In re Flood, 2013 WL 5184773 (3d Cir. 2013). Just over a month later, Flood filed the instant petition again asking us to issue an order compelling the District Court to rule on his § 2255 motion.

As we stated in our previous decision, although the delay in this case is not insignificant and raises some concern, see Madden, 102 F.3d at 79, we do not believe that the delay since our previous opinion is so lengthy as to justify our intervention at this time. We remain confident that the District Court will rule on Flood's motion in due course.

For these reasons, we will deny Flood's mandamus petition. Our denial is without prejudice to Flood's filing another petition in the event that the District Court does not take action within sixty (60) days from the date of this judgment. Flood's "Motion to clarify and add document to Exhibit A of the petition" is granted. Flood's motion seeking leave to rely on documents filed in other cases is denied as unnecessary. Flood's motion for appointment of a special master is denied.

---

in this Court in September 2012.